# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-578V**
**Filed: October 31, 2017**
UNPUBLISHED

|  |  |
|---|---|
| SUSAN GRANEY, <br><br>                Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND <br> HUMAN SERVICES, <br><br>                Respondent. | Special Processing Unit (SPU); <br> Attorneys' Fees and Costs |

*Isaiah Richard Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 13, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered left shoulder pain as a result of her October 17, 2014 influenza ("flu") vaccine. Petition at 1-4; Stipulation, filed June 1, 2017, at ¶¶ 2, 4. On June 2, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' Stipulation. (ECF No. 32.)

On August 8, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 36.) Petitioner requests attorneys' fees in the amount of $16,427.30 and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $594.07.  (*Id.* at 1.)  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $17,021.37.

On August 10, 2017, respondent filed a response to petitioner's motion.  (ECF No. 37.)   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." (*Id.* at 1.)  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2.)  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 3.)

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.   However, the undersigned finds it necessary to reduce petitioner's requested costs.

Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Petitioner seeks $59.00 for "6/27/2016 Payment to IK [petitioner's counsel, Isaiah Kalinowski] to reimburse for Luncheon Meeting with Client at The Hamilton" (ECF No. 36-3 at 1), a check and credit card receipt from The Hamilton, located in Washington, DC, dated June 20, 2016 and initialed by petitioner's counsel is provided (ECF No. 36-3 at 1).  Petitioner's counsel's time log indicates that on June 20, 2016 he "[met] with client to introduce the Vaccine Program, to explore sources of damages, and to plan next steps to prosecute Petition." (ECF 36-2 at 4).  However, petitioner's counsel fails to explain why this cost is reasonable.  The undersigned finds that, as is consistent with this Court's practice, it is not reasonable to reimburse petitioners' counsel for the cost of meals and other miscellaneous expenses on typical work days in the area where he normally works and resides.  *See Reginelli v. Sec'y of Health & Human Servs.*, No. 14-

972V, 2016 WL 1161309, at *3 (Fed. Cl. Spec. Mstr. Mar. 1, 2016).  Accordingly, petitioner's requested costs are reduced by $59.00.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).

**Accordingly, the undersigned awards the total of $16,962.37[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Isaiah Kalinowski.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.